HOLLAND, executor, *v.* ZEIGLER *et al.*

FISH, C. J.  Mary L. Zeigler and Minnie Holland, claiming to own an interest in certain realty as devisees under the will of the defendant's testator, brought an action against the defendant as executor, to enjoin him from selling the property in question.  By consent the controlling issue in the case was submitted to the judge for decision, without the intervention of a jury.  The sole question submitted to the judge was whether, under the provisions of item 5 of the will, any interest in a certain law office, on the lot of land whereon the dwelling of the testator was situated at the time of his death, passed to the petitioners.  The fifth item of the will was as follows: "Mrs. Mary L. Zeigler having been and is a faithful servant for me and family, during my sickness and in health, I feel that she should be remembered in this my last will.  I therefore will and bequeath to said Mary L. Zeigler, for and during her natural life, for a home for herself and my daughter Minnie Holland, the use and occupancy for a home for herself and my daughter Minnie Holland, the use and occupancy of my dwelling-house and lot, and at the death of said Mary L. Zeigler said house and lot shall revert back to my estate and be divided between my other or surviving legatees, share and share alike."  The judge rendered the following decision: "After consideration of the terms and stipulations, and of what appears to be the meaning and intent of item fifth of said will, it is the judgment of the court that the house and the lot whereon the house is situated was, by the fifth item of said will, conveyed to Mary Zeigler and Minnie Holland for life; and the law office above referred to being situated upon said lot, it is the judgment of the court that the title to said office was, together with the other improvements and buildings situated on the lot whereon the dwelling-house is situated, bequeathed to Mary Zeigler and Minnie Holland as life-estate."  It does not appear from the record that any aliunde evidence was submitted to the judge. *Held*, that the judge properly decided that the "law office" passed to the petitioners under the fifth item of the will, but erred in holding that Minnie Holland took a life-estate therein during her life, as it was provided in the item of the will under consideration that the testator's house and the lot whereon it appeared that the office was situated were devised to Mary L. Zeigler during her life for a home for herself and Minnie Holland, and, at the death of Mary, that the lot should revert to the testator's estate.

> *Judgment reversed. All the Justices concur.*
> DECEMBER 15, 1910.

Equitable petition.  Before Judge Rawlings.  Bulloch superior court.  November 16, 1909.

*Johnston & Cone,* for plaintiff in error.

*Hill & Anderson* and *Dorsey, Brewster, Howell & Heyman,* contra.